[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**July 20, 2005**
**THOMAS  K. KAHN**
**CLERK**

_____

No. 04-16429
Non-Argument Calendar

_____

D. C. Docket No. 03-00352-CV-GET-1

AETNA LIFE INSURANCE COMPANY,

Plaintiff-Appellee,

versus

MARY AGNES RICHARDSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(July 20, 2005)**

Before DUBINA, HULL and WILSON, Circuit Judges.

PER CURIAM:

This action was originally filed as a complaint in interpleader by Aetna Life Insurance Company ("Aetna") because of conflicting claims made to certain death benefits payable by reason of the death of Michael Lee Parnell, who was a participant in an employee welfare benefit plan sponsored by and maintained by his employer, Delta Air Lines, Inc. The real dispute in this case is between the ex-wife of the deceased, Mary Agnes Richardson, ("Ms. Richardson") and the daughters of the deceased, Kellie Ann Davis, Kassandra Elaine Parnell, and Kimberly Ryan Parnell (the "daughters"). The district court conducted a non-jury trial and determined that the daughters were entitled to the insurance proceeds.

The issue presented on appeal is whether the district court's findings of fact were clearly erroneous. In reviewing factual findings made by the district court, the proper standard we apply is clear error. See Fed. R. Civ. P. 52(a); *Miles v. Naval Aviation Museum Found., Inc.*, 289 F.3d 715, 720 (11th Cir. 2002).

After reviewing the record, we cannot say that the district court's findings of fact were clearly erroneous. The record demonstrates that the district court carefully weighed the evidence and found that the expert testimony of Mr. Shiver was more credible than the evidence offered in opposition thereto. Moreover, we cannot say that the district court's finding that the beneficiary information on the insurance form was not prepared by the deceased but was prepared by Ms.

2

Richardson, notwithstanding her testimony to the contrary, is clearly erroneous. Indeed, a function of the district court is to make factual determinations after assessing the demeanor and credibility of witnesses. The Supreme Court has held that "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. Bessemer City*, 470 U.S. 564, 574 105 S. Ct. 1504, 1511, 846 L. Ed. 2d 518 (1985). Accordingly, we affirm the district court's judgment entered in favor of the daughters and against Ms. Richardson.

**AFFIRMED.**